IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CONSTANCE WARREN,

      Plaintiff,

vs.                                                                            No. CIV 13-0594 RB/GBW

HARLEY-DAVIDSON MUSEUM, L.L.C.,
and HARLEY-DAVIDSON MUSEUM OF
AMERICAN MOTORCYCLES, L.L.C.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. 11). Plaintiff has not filed a response to the motion. Having considered the submissions of counsel and relevant law, the Court grants the motion and dismisses this matter for lack of personal jurisdiction.

    **I.**    **Background**

On June 26, 2013, Plaintiff filed a Complaint to Recover Personal Injury Damages against Defendants. In her Complaint, Plaintiff alleges that she is a New Mexico resident and Defendants are Wisconsin corporations with their principal place of business in Milwaukee, Wisconsin. (Doc. 1). Plaintiff alleges that, on July 1, 2010, she visited Defendants' museum located in Milwaukee, Wisconsin. (*Id.*) After finishing her visit to the museum, while walking toward Defendants' restaurant, Plaintiff fell at or near the sidewalk on Defendants' property. (*Id.*) Plaintiff alleged that the sidewalk, curbing, and adjacent drive were colored and placed in such a way as to prevent Plaintiff from seeing the drop in grade. (*Id.*) Plaintiff alleges that

Defendants knew of the unsafe condition yet they failed to correct it or warn Plaintiff, thereby breaching their duty to keep their premises safe for invitees such as Plaintiff. (*Id.*) Defendants moved to dismiss on the basis of absence of personal jurisdiction. Plaintiff failed to file a response to the motion. (Doc. 11).

## II.     Standard

Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *Rambo v. Am. S. Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir. 1988). Plaintiff can satisfy this burden by making a prima facie showing of personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court accepts the well-pleaded allegations of the complaint as true to determine whether plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Science, Inc. v. CLF Distribution Ltd.,* 514 F.3d 1054, 1057 (10th Cir. 2008). The Court resolves any factual disputes in Plaintiff's favor. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004).

## III.    Discussion

Personal jurisdiction is established by the laws of the forum state and must comport with constitutional due process. *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd*., 703 F.3d 488, 492 (10th Cir. 2012) (citing *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). New Mexico's long-arm statute, N.M. STAT. ANN. § 38-1-16, "is coextensive with constitutional limitations imposed by the Due Process Clause." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Tercero v. Roman Catholic Diocese of Norwich*, 48 P.3d 50, 54 (N.M. 2002). Due process requires, that for a court to assert personal jurisdiction over a defendant, the defendant must have (1) sufficient "minimum contacts" with the forum state (2) such that subjecting the defendant to the court's jurisdiction will not offend

traditional conceptions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The "defendant's conduct and connection with the forum State [must be] such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff alleges that Defendants are Wisconsin corporations with their principal place of business located in Milwaukee, Wisconsin. (Doc. 1). The incident occurred at Defendants' museum located in Milwaukee, Wisconsin. (*Id.*) The Complaint includes no allegations that Defendants have any minimum contacts with New Mexico. (*Id.*) Plaintiff failed to respond to the motion and the record is devoid of any facts that would support an inference that Defendants have minimum contacts with New Mexico. Under these circumstances, the Court does not have personal jurisdiction over Defendants.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss. (Doc. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice for lack of personal jurisdiction.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**